Lindsey Benson Green, SBN# 184597
Gumm & Green, LLP
Attorneys at Law
5743 Corsa Ave., Suite 111
Westlake Village, California 91362
(818) 707-4233

Attorneys for Louis Beery

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.: 1:09-bk-23416-KT |
| Louis Beery, | CHAPTER 13 |
| | NOTICE OF MOTION AND MOTION OBJECTING TO PROOF OF CLAIM FILED BY VENTURA COUNTY CREDIT UNION; AND DECLARATION OF DEBTOR IN SUPPORT THEROF; |
| | DATE: 1/5/10 |
| | TIME: 9:30 a.m. |
| | PLACE: 21041 Burbank Blvd. |
| | Woodland Hills, CA |
| | CTRM.: # 301 |

To the Honorable Kathleen Thompson, United States Bankruptcy Judge, the Chapter 13 Trustee and Ventura County Credit Union:

Please take notice that on January 5, 2010 at 9:30 a.m., or as soon as thereafter may be heard, in courtroom # 301 of the United States Bankruptcy Court, located at 21041 Burbank Blvd., Woodland Hills, California, the debtor will move this court for an order objecting to the creditor's claim in the amount of $27,219.97 filed by the Ventura County Credit Union.

1

Pursuant to local bankruptcy rule 111(1)(g), any party who wishes to oppose the debtor's objection to claim, must file a written response with the bankruptcy court and serve a copy of it upon debtor's attorney at the address set forth above, no less than 11 days prior to the above hearing date.

This objection to claim will be based upon all files and records in this case, attached exhibits, the declaration of the debtor, and such additional evidence and oral argument of counsel as may be received at the time of hearing and the following facts and allegations:

1.    The debtor filed a Chapter 13 bankruptcy, case number 1:09-bk-23416-KT on October 12, 2009. Pursuant to the debtor's Ch. 13 plan, the debtor proposed to pay $409.09 a month for 60 months to the Chapter 13 trustee, paying 0.68 percent to unsecured creditors.

2.    The debtor scheduled the debt of the Ventura County Credit Union in the amount of $20,000.00 in the plan, making 60 monthly payments of $333.34 for a total of $20,000.04, with interest at zero percent annually. A true and correct copy of debtor's Ch. 13 plan is attached herewith as Exhibit "A" and incorporated herein by reference.

3.    The Ventura County Credit Union filed a proof of claim on or around October 22, 2009 in the amount of $27,219.67, asserting the secured asset, a 2005 Hummer H2, had a fair market value of $27,219.97 and that the debtor should be held to this contract. A true and correct copy of the Ventura County Credit Union's proof of claim is attached herewith as Exhibit "B" and incorporated herein by reference.

4.    Debtor has this fair market value or replacement value of said vehicle based upon the average of the Kelly Blue Book trade in blue book value and listings on the internet such as Cars.com to demonstrate the current fair market value of the 2005 Hummer H2 at $20,000, rather than the $27,219.97 as stated by the creditor. All the creditor did, rather than determining the current fair market value on the vehicle, was to equate the fair market value with the current encumbrance on the

in re: Louis Beery- Notice of Motion and Motion Objecting to Proof of Claim filed by Ventura County Credit Union

vehicle, and nothing else.  True and correct copies of the Kelly Blue Book printouts and offers on the internet of this vehicle are attached herewith as Exhibit "C" and incorporated herein by reference.

5.    Thus, based upon the true fair market or replacement value of the secured vehicle in question, Debtor requests that the court sustain debtor's objection to the Ventura County Credit Union's proof of claim, disapprove said claim, and affix the secured vehicle's value based upon debtor's value in this opposition.


Date: 11/18/09

Respectfully submitted,


Gumm & Green


by: Lindsey Besson Green,
Attorney for debtor Louis Beery

in re: Louis Beery- Notice of Motion and Motion Objecting to Proof of Claim filed by Ventura County Credit Union

## **DECLARATION OF LOUIS BEERY**

I, Louis Beery, declare as follows:

1.  I am the debtor in the Chapter 13 bankruptcy, case number 1:09-bk-23416-KT filed in the Central District of California on October 12, 2009.  I have personal knowledge of the facts herein and if called to testify as a witness, I could and would competently testify to the following facts:

2.  Pursuant to my Ch. 13 plan, I proposed to pay $409.09 a month for 60 months to the Chapter 13 trustee, paying 0.68 percent to unsecured creditors.

3.  I scheduled the debt of the Ventura County Credit Union in the amount of $20,000.00 in the plan, making 60 monthly payments of $333.34 for a total of $20,000.04, with interest at zero percent annually.  A true and correct copy of my Ch. 13 plan is attached herewith as Exhibit "A" and incorporated herein by reference.

4.  The Ventura County Credit Union filed a proof of claim on or around October 22, 2009 in the amount of $27,219.67, asserting the secured asset, a 2005 Hummer H2, had a fair market value of $27,219.97 and that I should be held to this contract.  A true and correct copy of the Ventura County Credit Union's proof of claim is attached herewith as Exhibit "B" and incorporated herein by reference.

5.  I have this fair market value or replacement value of said vehicle based upon the average of the Kelly Blue Book trade in blue book value and listings on the internet such as Cars.com to demonstrate the current fair market value of the 2005 Hummer H2 at $20,000, rather than the $27,219.97 as stated by the creditor.  All the creditor did, rather than determining the current fair market value on the vehicle, was to equate the fair market value with the current encumbrance on the vehicle, and nothing else.  True and correct copies of the Kelly Blue Book printouts and offers on the internet of this vehicle are attached herewith as Exhibit "C" and incorporated herein by reference.

---

4

6.    Thus, based upon the true fair market or replacement value of the secured vehicle in question, I request that the court sustain my objection to the Ventura County Credit Union's proof of claim, disapprove said claim, and affix the secured vehicle's value based upon my value in this opposition.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct.

Executed this __16th__ day of November 2009 in Westlake Village, California.

Louis Beery- Declarant

In re: Louis Beery- Notice of Motion and Motion Objecting to Proof of Claim filed by Ventura County Credit Union

**EXHIBIT "A"**

Name <u>Gumm & Green, LLP</u>

Address <u>5743 Corsa Ave., Suite 111</u>

<u>Westlake Village, CA  91362</u>

Telephone <u>(818) 707-4233</u> (FAX) <u>(818) 707-4262</u>

☒ Attorney for Debtor(s)
State Bar I.D. No. <u>184597</u>

☐ Debtor(s) in Pro Se (Any reference to the singular shall include the plural in the case of joint debtors.)

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| List all names including trade names used by Debtor(s) within last 8 years:<br><br>Beery, Louis Eugene<br>Beery, Louis E.; Beery, Louis Eugene III | Chapter 13 Case No.<br><br>**CHAPTER 13 PLAN**<br><br>**CREDITORS MEETING:**<br>Date:<br>Time:<br>Place:<br><br>**CONFIRMATION HEARING:**<br>Date:<br>Time:<br>Place: |
|---|---|

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. §1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 8 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

Debtor proposes the following plan and makes the following declarations:

I.   PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:

Debtor submits the following to the supervision and control of the Chapter 13 trustee:

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

A.  Payments by debtor of $ **409.09** per month for **60** months. This monthly payment will begin within 30 days of the date the petition was filed.

B.  The base plan amount is $ **24,545.40** which is estimated to pay **0.68** % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the Chapter 13 Trustee may increase the percentage to be paid to creditors accordingly.

C.  Amounts necessary for the payment of post petition claims allowed under 11 U.S.C. § 1305.

D.  Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| None | | | $ |

Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The Chapter 13 Trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

E. Other property: **None**

II.  **ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**

Except as otherwise provided in the plan or by court order, the Chapter 13 trustee shall disburse all available funds for the payment of claims as follows:

A.  ORDER OF PAYMENTS:

1.  If there are Domestic Support Obligations, the order of priority shall be:

(a)  Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date;

(b)  Administrative expenses (Class 1(a)) in an amount not exceeding **14.07** % of each Plan Payment until paid in full;

2.  If there are no Domestic Support Obligations, the order of priority shall be the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding **14.07** % of each Plan Payment until paid in full.

3.  Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the Chapter 13 Trustee from the Plan Payment; such secured debt may be paid by the Chapter 13 Trustee commencing with the inception of Plan Payments.

4.  Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

5.  No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

B.  CLASSIFICATION AND TREATMENT OF CLAIMS:

| CLASS 1 |
|---|
| **ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507** |
| The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4). |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|
| **a. Administrative Expenses** | | | | | |
| (1) Chapter 13 Trustee's Fee -- estimated at 11% of all payments to be made to all classes through this Plan. | | | | | |
| (2) Attorney's Fees | $          1,000.00 | | $          250.00 | 4 | $          1,000.00 |
| (3) Chapter 7 Trustee's Fees | $ | | $ | | $ |
| (4) Other | $ | | $ | | $ |
| **b. Other Priority Claims** | | | | | |
| (1) Internal Revenue Service | $ | % | $ | | $ |
| (2) Franchise Tax Board | $ | % | $ | | $ |
| (3) Domestic Support Obligation | $ | % | $ | | $ |
| (4) Other | $ | % | $ | | $ |
| **c. Domestic Support Obligations that are not to be paid in full in the Plan (Specify Creditor Name):** | | | | | |
| | $ | % | $ | | $ |

---

### CLASS 2

**CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE
ON WHICH OBLIGATION MATURES AFTER THE FINAL PLAN PAYMENT IS DUE**

1. ☐ The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☒ The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

Wells Fargo                                                    9982
(name of creditor)                                            (last 4 digits of account number)


(name of creditor)                                            (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.**

| Name of Creditor | Last Four Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| None | | $ | % | $ | | $ |

---

### CLASS 3

**CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL
DURING THE TERM OF THE PLAN**

| Name of Creditor | Last Four Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| Ventura County Credit Union | 1063 | $ 20,000.00 | $ 20,000.00 | %    0.00 | $    333.34 | 60 | $ 19,174.60 |

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

## CLASS 4

### OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE

1. ☐ The post-confirmation monthly payment pursuant to the promissory note will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☐ The post-confirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

_____        _____
(name of creditor)                                                 (last 4 digits of account number)

_____        _____
(name of creditor)                                                 (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.**

| Name of Creditor | Last Four Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| **None** | | $ | % | $ | | $ |

## CLASS 5

### NON-PRIORITY UNSECURED CLAIMS

The Debtor estimates that non-priority unsecured claims total the sum of $ <u>1,916.20</u>.

Class 5 claims will be paid as follows:

(Check one box only.)

☒ Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.

OR

☐ Class 5 claims will be divided into subclasses as shown on the attached exhibit (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

## III.   COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ <u>17,250.00</u> which is estimated to pay <u>6.08</u> % of the scheduled nonpriority unsecured debt.

## IV.   PLAN ANALYSIS

| | |
|---|---|
| CLASS 1a | $     1,000.00 |
| CLASS 1b | $         0.00 |
| CLASS 1c | $         0.00 |
| CLASS 2 | $         0.00 |
| CLASS 3 | $    19,174.60 |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California

| CLASS 4 | $ | 0.00 |
|---|---|---|
| CLASS 5 | $ | 1,916.20 |
| SUB-TOTAL | $ | 22,090.80 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise) | $ | 2,454.60 |
| TOTAL PAYMENT | $ | 24,545.40 |

## V.   OTHER PROVISIONS

A.   The Debtor rejects the following executory contracts and unexpired leases.
**None**

B.   The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):
**None**

C.   In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:
**None**

D.   The Debtor hereby surrenders the following personal or real property. (Identify property and creditor to which it is surrendered.)
**None**

E.   The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F.   Miscellaneous provisions: (Use Attachment, if necessary)
**Attorney fee to be paid first, regardless of dismissal or conversion;second Mortgage on primary residence to be subject to Lam Motion determining value and determine lien subject to avoidance from the public record upon entry of the chapter 13 discharge.**

G.   The Chapter 13 Trustee is authorized to disburse funds after the date confirmation is announced in open court.

H.   The Debtor will pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I.   The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

## VI.  REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the Chapter 13 Trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the Local Bankruptcy Rules. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

© 1993-2009 EZ-Filing, Inc [1-800-998-2424] - Forms Software Only

2006 USBC, Central District of California

Dated:  10/11/09

_____
*Attorney for Debtor(s)*

_____
Debtor

_____
Joint Debtor

© 1993-2005 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

EXHIBIT "B"

B10 (Official Form 10 (12/07)

| UNITED STATES BANKRUPTCY COURT    CENTRAL DISTRICT OF CALIFORNIA | PROOF OF CLAIM |
|---|---|

Name of Debtor:
**LOUIS EUGENE BEERY**

Case Number:
**1:09-bk-23416-KT**

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Name and address where notices should be sent:

VENTURA COUNTY CREDIT UNION
6026 TELEPHONE ROAD
VENTURA, CA 93006-6920
Telephone number: (805) 477-4049

FILED
OCT 2 2 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                Deputy Clerk

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed:  $ _27,219.97_____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: ____SECURED_____
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _3010_

3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate  ☒ Motor Vehicle  ☐ Other
Describe:

Value of Property:$ _27,219.97___ Annual Interest Rate _6.600_%

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $ _526.37_____ Basis for perfection: note, payment history system title

Amount of Secured Claim: $ _27,219.97___ Amount Unsecured: $ _____

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| | | |
|---|---|---|
| Date: 10/20/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. <br><br> BOBBIE NERI-IBE <br> COLLECTION OFFICER | FOR COURT USE ONLY |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**0000853010  Loan 63: 2005 HUMMER H2/BK13 PROOF 2/23 Transaction Summary**          10/20/2009

| Post Date... | ID | Eff Date | Transacti... | Trans Amt | Balance... | Int/... | Fees | New Balance | Description | Prev Availa... |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | %% PartialPmt | 0.00 to | 220.63 | | | | | |
| 10/13/2... | L 63 | [10/10/2... | Transfer ... | 220.63 | -72.58 | 148.... | 0.00 | 27,219.97 | From Share 01 | 0.00 |
| 09/11/2... | L 63 | [09/10/2... | Transfer ... | 747.00 | -600.73 | 146.... | 0.00 | 27,292.55 | From Share 01 | 0.00 |
| | | | %% PartialPmt | 653.97 to | 0.00 | | | | | |
| 08/12/2... | L 63 | 08/12/2... | Transfer ... | 93.03 | -82.91 | 10.12 | 0.00 | 27,893.28 | From Share 01 | 0.00 |
| | | | %% PartialPmt | 0.00 to | 653.97 | | | | | |
| 08/11/2... | L 63 | [08/10/2... | Transfer ... | 653.97 | -494.38 | 159.... | 0.00 | 27,976.19 | From Share 01 | 0.00 |
| 07/13/2... | L 63 | [07/10/2... | Transfer ... | 747.00 | -589.36 | 157.... | 0.00 | 28,470.57 | From Share 01 | 0.00 |
| 06/11/2... | L 63 | [06/10/2... | Transfer ... | 747.00 | -580.85 | 166.... | 0.00 | 29,059.93 | From Share 01 | 0.00 |
| 05/11/2... | L 63 | [05/10/2... | Transfer ... | 747.00 | -583.05 | 163.... | 0.00 | 29,640.78 | From Share 01 | 0.00 |
| 04/13/2... | L 63 | [04/10/2... | Transfer ... | 747.00 | -574.36 | 172.... | 0.00 | 30,223.83 | From Share 01 | 0.00 |
| 03/11/2... | L 63 | [03/10/2... | Transfer ... | 747.00 | -588.09 | 158.... | 0.00 | 30,798.19 | From Share 01 | 0.00 |
| 02/11/2... | L 63 | [02/10/2... | Transfer ... | 747.00 | -567.88 | 179.... | 0.00 | 31,386.28 | From Share 01 | 0.00 |
| 01/12/2... | L 63 | [01/10/2... | Transfer ... | 747.00 | -564.72 | 182.... | 0.00 | 31,954.16 | From Share 01 | 0.00 |
| 12/11/2... | L 63 | [12/10/2... | Transfer ... | 746.29 | -572.76 | 173.... | 0.00 | 32,518.88 | From Share 01 | 0.00 |
| 11/12/2... | L 63 | [11/11/2... | Home Ba... | 314.00 | -307.96 | 6.04 | 0.00 | 33,091.64 | From Share 90 | 0.00 |
| 11/12/2... | L 63 | [11/10/2... | Transfer ... | 433.71 | -245.12 | 188.... | 0.00 | 33,399.60 | From Share 01 | 0.00 |
| 10/14/2... | L 63 | [10/10/2... | Transfer ... | 747.00 | -561.44 | 185.... | 0.00 | 33,644.72 | From Share 01 | 0.00 |
| 09/11/2... | L 63 | [09/10/2... | Transfer ... | 747.00 | -552.16 | 194.... | 0.00 | 34,206.16 | From Share 01 | 0.00 |
| 08/11/2... | L 63 | [08/10/2... | Transfer ... | 747.00 | -549.09 | 197.... | 0.00 | 34,758.32 | From Share 01 | 0.00 |
| 07/11/2... | L 63 | [07/10/2... | Transfer ... | 747.00 | -552.47 | 194.... | 0.00 | 35,307.41 | From Share 01 | 0.00 |
| 06/11/2... | L 63 | [06/10/2... | Transfer ... | 747.00 | -542.94 | 204.... | 0.00 | 35,859.88 | From Share 01 | 0.00 |
| 05/12/2... | L 63 | [05/10/2... | Transfer ... | 747.00 | -546.56 | 200.... | 0.00 | 36,402.82 | From Share 01 | 0.00 |
| 04/11/2... | L 63 | [04/10/2 | Transfer ... | 747.00 | -536.87 | 210.... | 0.00 | 36,949.38 | From Share 01 | 0.00 |
| 03/11/2... | L 63 | [03/10/2... | Transfer ... | 747.00 | -547.56 | 199.... | 0.00 | 37,486.25 | From Share 01 | 0.00 |
| 02/11/2... | L 63 | [02/10/2... | Transfer ... | 747.00 | -530.83 | 216.... | 0.00 | 38,033.81 | From Share 01 | 0.00 |
| 01/11/2... | L 63 | [01/10/2... | Transfer ... | 747.00 | -527.87 | 219.... | 0.00 | 38,564.64 | From Share 01 | 0.00 |
| 12/11/2... | L 63 | [12/10/2... | Transfer ... | 747.00 | -532.05 | 214.... | 0.00 | 39,092.51 | From Share 01 | 0.00 |
| 11/13/2... | L 63 | [11/10/2... | Transfer ... | 747.00 | -521.96 | 225 .. | 0.00 | 39,624.56 | From Share 01 | 0.00 |
| 10/11/2... | L 63 | [10/10/2... | Transfer ... | 747.00 | -526.36 | 220.... | 0.00 | 40,146.52 | From Share 01 | 0.00 |
| 09/11/2... | L 63 | [09/10/2... | Transfer ... | 747.00 | -516.12 | 230.... | 0.00 | 40,672.88 | From Share 01 | 0.00 |
| 08/13/2... | L 63 | [08/10/2... | Transfer ... | 747.00 | -513.24 | 233.... | 0.00 | 41,189.00 | From Share 01 | 0.00 |
| 07/11/2... | L 63 | [07/10/2... | Transfer ... | 747.00 | -517.97 | 229.... | 0.00 | 41,702.24 | From Share 01 | 0.00 |
| 06/11/2... | L 63 | [06/10/2 ... | Transfer ... | 747.00 | -507.49 | 239.... | 0.00 | 42,220.21 | From Share 01 | 0.00 |
| 05/11/2... | L 63 | [05/10/2... | Transfer ... | 747.00 | -512.44 | 234.... | 0.00 | 42,727.70 | From Share 01 | 0.00 |
| 04/11/2... | L 63 | [04/10/2 ... | Transfer ... | 747.00 | -501.81 | 245.... | 0.00 | 43,240.14 | From Share 01 | 0.00 |
| 03/12/2... | L 63 | [03/10/2... | Transfer ... | 747.00 | -522.89 | 224.... | 0.00 | 43,741.95 | From Share 01 | 0.00 |
| 02/12/2... | L 63 | [02/10/2... | Transfer ... | 747.00 | -496.09 | 250.... | 0.00 | 44,264.84 | From Share 01 | 0.00 |
| 01/11/2... | L 63 | [01/10/2... | Transfer ... | 747.00 | -493.33 | 253.... | 0.00 | 44,760.93 | From Share 01 | 0.00 |
| 12/11/2... | L 63 | [12/10/2... | Transfer ... | 747.00 | -498.81 | 248.... | 0.00 | 45,254.26 | From Share 01 | 0.00 |
| 11/13/2... | L 63 | [11/10/2... | Transfer ... | 747.00 | -487.80 | 259.... | 0.00 | 45,753.07 | From Share 01 | 0.00 |
| 10/11/2... | L 63 | [10/10/2... | Transfer ... | 747.00 | -493.48 | 253.... | 0.00 | 46,240.87 | From Share 01 | 0.00 |
| 09/11/2... | L 63 | [09/10/2... | Transfer ... | 747.00 | -482.33 | 264.... | 0.00 | 46,734.35 | From Share 01 | 0.00 |
| 08/11/2... | L 63 | [08/10/2... | Transfer ... | 747.00 | -479.64 | 267.... | 0.00 | 47,216.68 | From Share 01 | 0.00 |
| 07/11/2... | L 63 | [07/10/2... | Transfer ... | 747.00 | -485.63 | 261.... | 0.00 | 47,696.32 | From Share 01 | 0.00 |
| 06/12/2... | L 63 | [06/10/2... | Transfer ... | 747.00 | -474.26 | 272.... | 0.00 | 48,181.95 | From Share 01 | 0.00 |
| 05/11/2... | L 63 | [05/10/2 ... | Transfer .. | 747.00 | -480.45 | 266.... | 0.00 | 48,656.21 | From Share 01 | 0.00 |
| 04/11/2... | L 63 | [04/10/2... | Transfer ... | 747.00 | -468.94 | 278.... | 0.00 | 49,136.66 | From Share 01 | 0.00 |
| 03/13/2... | L 63 | [03/10/2... | Transfer ... | 747.00 | -394.40 | 352.... | 0.00 | 49,605.60 | From Share 01 | 0.00 |
| | | | Check 04 500230776 Disbursed 50,000.00 | | | | | | | |
| 01/30/2... | L 63 | 01/30/2... | Check N... | 50,000.00 | 50,000.00 | 0.00 | 0.00 | 50,000.00 | | 0.00 |

Title No Edit - Version 7.208                                          Page 1 of 1

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| VIN | 5GRGN23U45H132065 | | | Financed | 01/30/2006 | Tech | **FDI** |
| Status | **Released** | | | Booked | 01/30/2006 | | |
| Borrower | LOUIS E BEERY III 1220 NEWMAN ST SIMI VALLEY, CA 93065 | | | DMV Work | 02/16/2006 | | |
| | | | | Imported | 02/18/2006 | | |
| | | | | Added | 02/06/2006 | | |
| Borrower Home Phone | (805) 582-2352 | | | Perfected | 02/18/2006 | | |
| | | | | Payoff | / / | Tech | **AXA** |
| Borrower Work Phone | (805) 383-8700 | | | Released | 10/20/2009 | | |
| | | | | Release Type | PT | | |
| Branch | 3 | Acct # | 853010 | Exported | / / | | |
| Loan # | | Suffix | 63 | DMV Response | / / | Code | |
| Owner | BEERY LOUIS E III | | | DMV Deleted | / / | | |
| Lienholder | VENTURA CNTY CU | | | Expires | 02/10/2013 | | |
| Dealer ID | | | | FDI Assigned User | | FDI Action Date | / / |
| Year | 2005 | Make | HUMM | | | | |
| License | 5TDN538 | Title # | | Lienholder Assigned User | | Lienholder Action Date | / / |
| Body | UT | Vehicle Type | VEH | Misc. | | | |
| Registration Expiration | 070202 | | | State | CA | **Electronic** | |
| Account Type | **Financed (Loan)** | Loan Type | **Vehicle** | | | | |
| **User Notes Present** | | | | | | | |

| Edit | More Details | Assign User/Action Date | Save Note | Undo Release |
|---|---|---|---|---|
| Hold Release | ExplodeVIN | | | |

**Notes**

* AXARNETT * - 10/20/2009 09:16:00 AM PDT - Please mail paper title to Lienholder~Ventura
County Credit Union, PO Box 6920, Ventura, CA 93006. Thank You.

Record Activity for VENTURA CNTY CU

OTTS - System note on 10/20/2009 09:16:00 AM by Aggie Arnett:
Released with type PT.
OTTS - Status changed to RE on 10/20/2009 09:16:00 AM by Aggie Arnett
VTTS - Status changed to PT on 02/18/2006 03:08 PM by FDI
VTTS - Status changed to PM on 02/06/2006 04:31 PM by FDI



VENTURA
COUNTY
CREDIT UNION

P.O. Box 6929
Ventura, CA 93006-6929
(805) 477-4000 • (800) 339-0496
FAX (805) 339-4226
http://www.vccu.org

# CREDIT LINE ACCOUNT
## ADVANCE REQUEST AND SECURITY AGREEMENT

| | |
|---|---|
| Borrower(s): | Account Number: 853010 |
| LOUIS E BEERY III | Amount Requested: $ 50,000.00 |
| 1220 Newman St | Purpose of Advance: 001 |
| Simi Valley CA 93065 | Credit Product to be charged: 2005 HUMMER H2 |

## CHANGES SINCE LAST ADVANCE: You need not list income from alimony, child support or separate maintenance unless You wish it considered for purpose of granting this credit.

| PRESENT EMPLOYER | DATE HIRED | POSITION | WORK TELEPHONE NUMBER |
|---|---|---|---|
| Ventura County Sheri | 09/01/89 | Sr Deputy Sheriff | 805-383-8700 |
| GROSS MONTHLY PAY | OTHER INCOME | CREDIT IN ANOTHER NAME | ☐ RENT ☒ OWN HOME  YEARS |
| 6,625.32 | | | |
| MORTGAGE/RENT PYMT $ | MORTGAGE/LANDLORD (NAME, ADDRESS AND TELEPHONE NUMBER) | | MORTGAGE BALANCE |

| MEMBER HAS: | | | ADVANCE REQUESTED BY: |
|---|---|---|---|
| CREDIT DISABILITY  YES ☒ NO  SINGLE CREDIT LIFE ☐ YES ☒ NO  JOINT CREDIT LIFE  YES ☒ NO | | | ☐ TELEPHONE ☐ MAIL ☐ OFFICE ☐ FAX |
| COMMENTS: | | | |

## SECURITY INTEREST  To secure all obligations of Borrower(s) hereunder to the Credit Union, You give a security interest and lien in and upon the following property, including any and all accessions (collateral), related insurance proceeds or insurance premium refunds.

| DESCRIPTION | I.D. NO. | VALUE |
|---|---|---|
| 2005 HUMMER H2 | 5GRGN23U45H132065 | 0.00 |
| | | 0.00 |

## TERMS

| DAILY PERIODIC RATE | ANNUAL PERCENTAGE RATE | PAYOFF PERIOD FOR NEW BALANCE | LINE OF CREDIT LIMIT |
|---|---|---|---|
| 0.018082 | 6.600 % | 84 month(s) | $ .00 |
| AMOUNT REQUESTED | OTHER CHARGES | AMOUNT ADVANCED | PREV. BALANCE | NEW BALANCE |
| $ 50,000.00 | + $ = | $ 50,000.00 | + $ .00 | = $ 50,000.00 |
| OLD PAYMENT | OLD PAYMENT DUE | NEW PAYMENT | NEW PAYMENT DUE | PAYMENT FREQUENCY | REMAINING LIMIT |
| $ | | $ 747.00 | 03/10/06 | Monthly | $ |

You hereby request an Advance under the above-referenced Credit Line Account ("Account") and You promise to repay this Advance and all others previously obtained on Your Account, in accordance with the terms and conditions of Your Credit Line Account Agreement and Disclosure.

By signing this Advance Request and Security Agreement and/or by endorsing any Advance Proceeds Check, You acknowledge that You have read it, that You understand it, and that You have received a completed copy of it. Any person who signs this Advance Request and Security Agreement as a Borrower agrees to be individually and jointly obligated to pay Your loan in accordance with Your Credit Line Account Agreement. Any person who signs this Advance Request and Security Agreement and checks the box preceding "Owner of the Collateral (other than Borrower)" does so voluntarily and solely to give a security interest in the collateral shown in the security interest section of this Advance Request and Security Agreement, but is not personally liable for indebtedness created by the Credit Line Account Agreement. You authorize Us to accept Your facsimile signatures on this Advance Request and Security Agreement and You agree that Your facsimile signature will have the same legal force and effect as Your original signature. You assume any risk that may be associated with permitting Us to accept Your facsimile signature.

| X | | X | |
|---|---|---|---|
| Signature of Borrower | Date 1/20/06 | Signature of Borrower  Owner of Collateral (other than Borrower) Date | |

## Credit Union Use Only

| | | | |
|---|---|---|---|
| Current ANNUAL PERCENTAGE RATE | 6.600 % | Credit Life ___ Joint Life ___ | Credit Disability ___ |
| Credit Limit | $ .00 | Request ☐ Approved ☐ Denied | |
| Present Balance | $ 50,000.00 | By (Loan Officer) 000 | |
| Application and Credit Line Agreement in File | | Charge to Credit Product: 2005 HUMMER H2 | |
| ECOA Notice and Reason for Rejection Sent or Delivered on | | New Amount of Payment Payroll Deduction | |

Copyright One Tree Business Systems, Inc. 1997 - 2000. All Rights Reserved.   OTBS 018 VENT (12/00)

EXHIBIT "C"

## 2005 HUMMER H2 Sport Utility 4D

### Trade-In Value

| Condition | Value |
|-----------|-------|
| Good | $22,150 |

### Shopping Tools

On Blue Book Classifieds

HUMMER

H2

50 Miles

To View Ads, Click

Compare Used vs. New

$20,000 to $25,000

Both New and Used

SUV

To View List, Click

Select Year..

### 2005 Hummer H2                            98,522 mi.    $19,988

Pewter Metallic, 4 door, 4X4, 6.0L, AUTO, 4WD, 6.0L V8, Stock # P12594,
**Dealer:** Lou Bobb Premier Buick GMC, Chatsworth, CA (10.71 mi. away )
818-313-0301    Email Dealer    Get CARFAX Record Check    Click for Map tab



### 2005 Hummer H2 ADVENTURE                  95,656 mi.    $18,977

Blue, 4 door, 4X4, 4WD, AUTO, 19PD, 6.04 V8, Stock # 116268,
**Dealer:** Ultimate Auto Group, Malibu, CA ( 12.72 mi. away )
866-457-7901    Email Dealer    Get CARFAX Report

| | 2005 Hummer H2 | 89,422 mi. | $20,236 | |
|---|---|---|---|---|

White, 4 door, 4X4, SUV, AUTO 4SPD, 6.0L V8, Stock# AP2715A.
**Dealer:** Auto Plaza Sports and Marine *(Billings, MT — 909 mi. away)*
888-273-0518    Email Dealer    Free CARFAX Report

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 5743 Corsa Ave., Suite 111, Westlake Village, CA 91362. The foregoing document described as NOTICE OF MOTION AND MOTION OBJECTING TO PROOF OF CLAIM FILED BY VENTURA COUNTY CREDIT UNION; AND DECLARATION OF DEBTOR IN SUPPORT THEROF; will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On November 20, **2009**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐   Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On November 20, **2009**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

Honorable Kathleen Thompson
United States Bankruptcy Court, Central District Of California
21041 Burbank Blvd., Courtroom 301
Woodland Hills, CA. 91367
United States Mail

Ventura County Credit Union
Attn: Bobbie Neri-Ibe- Collection Officer
6026 Telephone Rd.
Ventura, CA 93006-6920
Address on proof of claim filed 10/22/09

Ch. 13 Trustee
Elizabeth Rojas
15060 Ventura Blvd., Suite 240
Sherman Oaks. CA 91403

☐   Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ , I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in

writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 20, 2009 | Lindsey B. Green | |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

in re: Louis Beery- Notice of Motion and Motion Objecting to Proof of Claim filed by Ventura County Credit Union